Judge Robertson
delivered the opinion of the Court.
Overton issued a warrant against Gayle, for a “forcible entry.” The jury found Gayle guilty 01 ‘^the forcible detainer complained of in the warrant.”
finds forcible “detainer.” Error to reneer judgment for restitution
Depew, for plaintiff; Triplett, for defendant.
On a traverse of the inquisition, in the circuit court, a jury returned the following verdict: “we of the jury, find the inquisition true.” The court having rendered judgment of restitution, the traverser has prosecuted his writ of error, to reverse the judgment.
A traverse waives all objections to form, in the warrant. But the warrant is the basis of the judgment of restitution. There can be no valid judgment, for any thing not charged in the warrant. The inquest in this case, does not correspond with the warrant. It finds the defendant in (he warrant, guilty of that with which the plaintiff had not charged him. I( is, therefore, not responsive to the issue, which the jury was sworn to try, and must be considered a nudity. The justice ■was not authorized to renders judgment of restitution upon it; consequently, the circuit court could not do it. There has been no decision of this court, directly ou this point. But it seems to us to be self evident, on principle, that a court cannot give judgment for that which is not demanded. Whether the inquisition be literally true or false, is immaterial, if it finds a fact notin issue. There must be a warrant; it must specify the cause of complaint; consequently no other cause can be inquired into.
As, therefore, the warrant charged tfa forcible entry,n and the jury found a ‘forcible detainer,” the inquisition ought, to have been quashed, and the court erred in entering judgment for restitution.
Wherefore, the judgment is reversed and the cause remanded.